```
                      UNITED STATES DISTRICT COURT
                        DISTRICT OF CONNECTICUT

-------------------------------x
TERRY J. DIMARTINO,            :
                               :
          Plaintiff,           :
                               :
v.                             :    CRIM. NO. 3:16cv378(AWT)
                               :
ERIN PULICE, SARA HAMILTON,    :
UNITED STATES OF AMERICA,      :
INTERNAL REVENUE SERVICE,      :
JOHN KOSKINEN, JASON M. SCHEFF :
and ALVIN W. THOMPSON,         :
                               :
          Defendants.          :
-------------------------------x
```

## ORDER RE MOTION TO RECUSE

The plaintiff, Terry DiMartino ("DiMartino"), filed a complaint against Erin Pulice ("Pulice"), Jason Scheff ("Scheff"), and Sara Hamilton ("Hamilton"). Defendants Pulice and Scheff are attorneys who prosecuted a criminal case against DiMartino for obstructing and impeding the due administration of the Internal Revenue laws, filing false tax returns, and willfully failing to file tax returns. Defendant Hamilton was one of the IRS case agents in the criminal matter. The case went to trial before a jury, and DiMartino was found guilty of all eight counts of the indictment. See United States v. DiMartino, 14-cr-175, Doc. No. 233.

This case was initially assigned to Judge Stefan R. Underhill, but was transferred to the undersigned, who was the presiding judge in the criminal case. On March 10, 2016,

DiMartino filed a motion to recuse the undersigned. On April 1, 2016, DiMartino filed an "Addendum to the Complaint," in which he added the undersigned as a defendant.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. He shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455. In a motion under § 455 alleging bias:

> [t]he analysis . . . looks to the extrajudicial conduct as the basis for making [a determination of partiality], not conduct which arises in the judicial context. And the substantive standard for recusal is whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned.

Apple v. Jewish Hosp. & Med. Ctr., 829 F.2d 326, 333 (2d Cir. 1987) (citation omitted).

The meaning of "extrajudicial conduct" was examined extensively in Liteky v. United States, 510 U.S. 540 (1994). In Liteky, the petitioner challenged a district judge's denial of a motion pursuant to 28 U.S.C. § 455(a) seeking that the judge disqualify himself for bias because he had presided over a previous case in which the petitioner was a defendant. After concluding that § 455 requires a showing of bias from an "extrajudicial source," id. at 554, the Court established

-2-

guiding principles for use in analyzing such situations. "First, judicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion," and "[s]econd, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. at 555.

"The Second Circuit similarly has rejected those recusal motions that are based solely on comments and rulings made in a judicial capacity." Bin-Wahad v. Coughlin, 853 F. Supp. 680, 686 (S.D.N.Y. 1994) (citing In re Drexel Burnham Lambert Inc., 861 F.2d 1307 (2d Cir. 1988)); see also United States v. Bernstein, 533 F.2d 775, 785 (2d Cir. 1976) ("The rule of law . . . is that what a judge learns in his judicial capacity . . . is a proper basis for judicial observations, and the use of such information is the not the kind of matter that results in disqualification."). Moreover, "[a] judge's ordinary efforts at courtroom administration--even a stern and short-tempered judge's ordinary efforts at courtroom administration--remain immune [from establishing a basis for disqualification]." Liteky, 510 U.S. at 556. "A judge is as much obliged not to recuse himself when it is not called for as he is obliged to

when it is." In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988).

"The statute governing recusal, 28 U.S.C. § 455 appears to mandate recusal under certain circumstances, such as when a judge is a party to, or has a financial interest in, a proceeding." In re Certain Underwriter, 294 F.3d 297, 303 (2d Cir. 2002). "However, it is clear that a judge is not disqualified under 28 U.S.C. § 455 . . . merely because a litigant sues or threatens to sue him." In re Martin-Trigona, 573 F. Supp. 1237, 1243 (D. Conn. 1983) (citing United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977)).

> A judge who is named as a defendant in a plaintiff's amended complaint is not required to disqualify him or herself unless there is a legitimate basis for suing the judge. For a judge to be disqualified simply because the plaintiff has sued that judge would be to allow the plaintiff to manipulate the identity of the decision-maker and thus to engage in judge-shopping.

32 Am. Jur. 2d Federal Courts § 95. See also Stine v. Oliver, No. 15-1233, 2016 WL 1320436, at *2 (10th Cir. Apr. 5, 2016) ("Judges do not need to recuse simply because they have been sued by one of the parties."); Alarcon v. Parks, Recreation & Museums, No. 15-CV-339 RRM GRB, 2015 WL 4895497, at *1 n.1 (E.D.N.Y. Aug. 16, 2015) ("Obviously a litigant should not be enabled to judge-shop merely by making written attacks upon or filing a complaint against the assigned judge."); Hopson v. Berry, No. 3:12-CV-706-R, 2012 WL 6115395, at *1 (W.D. Ky. Dec.

10, 2012) ("The Court concludes that there is no legitimate basis for Plaintiff to sue the undersigned. The Court is convinced that Plaintiff is trying to manipulate the system in order to get a new judge."); Rodriguez ex rel. Rodriguez-Hazbun v. Nat'l Ctr. for Missing & Exploited Children, No. CIV.A. 03-120 (RWR), 2005 WL 736526, at *17 (D.D.C. Mar. 31, 2005), aff'd sub nom. In re Rodriguez, No. 05-5130, 2005 WL 3843612 (D.C. Cir. Oct. 14, 2005) ("[I]t is apparent that plaintiffs do not have a legitimate basis for suing me or these other newly-named defendants.  Rather, plaintiffs' amended complaint and motion to disqualify are merely transparent attempts to judge-shop and forum-shop."); United States v. Pryor, 960 F.2d 1, 3 (1st Cir. 1992) ("It cannot be that an automatic recusal can be obtained by the simple act of suing the judge."); Andersen v. Roszkowski, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988), aff'd, 894 F.2d 1338 (7th Cir. 1990) ("It is apparent to the Court that plaintiffs do not have a legitimate basis for suing me, my secretary, and my minute clerk.  None of us were sued in plaintiffs' initial complaint; we were added as defendants only after I dismissed plaintiffs' Complaint for failure to comply with Fed. R. Civ. P. 8 and 9(b)."); United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and

scurrilous attacks . . . .") (citation and quotation marks omitted).

The plaintiff has not identified in his motion any extrajudicial conduct as a basis for his motion, so the court construes the motion to recuse as being based on the undersigned's comments and rulings made in a judicial capacity. The original complaint did not name the undersigned as a defendant in this case.  In the amended complaint, in which DiMartino added the undersigned as a defendant, he set forth no factual allegations as to the undersigned.  But prior to adding the undersigned as a defendant and filing the instant motion, DiMartino raised an objection during a telephonic status conference to the fact that the case was transferred from Judge Underhill to the undersigned.  See United States v. DiMartino, 3:14-cr-175(AWT), Doc. No. 204.  The plaintiff had also moved to recuse the undersigned in the related criminal case.  See id. at Doc. No. 100.  Thus, it appears that he added the undersigned as a defendant in order to force recusal, and he has not identified either any grounds for suing the undersigned or a legitimate basis for recusal.

Therefore, the plaintiff's Motion to Recuse (Doc. No. 12) is hereby DENIED.

It is so ordered.

Signed this 10th day of March, 2017, at Hartford, Connecticut.


_____
Alvin W. Thompson
United States District Judge