```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

-------------------------------x
TERRY J. DIMARTINO,            :
                               :
          Plaintiff,           :
                               :
v.                             :    CRIM. NO. 3:16cv378(AWT)
                               :
ERIN PULICE, SARA HAMILTON,    :
UNITED STATES OF AMERICA,      :
INTERNAL REVENUE SERVICE,      :
JOHN KOSKINEN, JASON M. SCHEFF :
and ALVIN W. THOMPSON,         :
                               :
          Defendants.          :
-------------------------------x
```

### ORDER RE MOTION TO STRIKE AMENDED COMPLAINT

On July 13, 2016, plaintiff Terry DiMartino ("DiMartino") filed an amended complaint which added as new defendants the Internal Revenue Service, IRS Commissioner John Koskinen, and the undersigned. It alleges 21 claims for relief against all defendants. Defendants Erin Pulice, Jason M. Scheff and Sara Hamilton move to strike the amended complaint.

Federal Rule of Civil Procedure 15 provides that a party may amend his pleading once as a matter of course within 21 days after it is served, or within 21 days after service of a responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend need

not be granted, however, where the proposed amendment would be 'futil[e].'" Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 18 (2d Cir. 1997) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962) (alteration in original). "A motion to amend is futile and may be denied on that basis '[w]here the amended portion of the complaint would fail to state a cause of action.'" Schaghticoke Tribal Nation v. Norton, No. 3:06CV81 PCD, 2007 WL 867987, at *11 (D. Conn. Mar. 19, 2007) (quoting Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d Cir. 2000) (alteration in original). "A party opposing a motion for leave to amend has the burden of proving that such amendment is futile." Id. In considering whether to allow an amended complaint, "the court should not consider the merits of a claim or defense on a motion to amend unless the amendment is clearly frivolous or legally insufficient on its face." Id. (citation and quotation marks omitted). "Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). "[L]eave to amend a pleading may only be given when factors such as undue delay or undue prejudice to the opposing party are absent." SCS Commc'ns, Inc. v. Herrick Co., 360 F.3d 329, 345 (2d Cir. 2004) (emphasis in original).

Here, the amended complaint was filed more than 21 days after the defendants filed their motion to dismiss. The plaintiff did not have the opposing party's consent or the court's leave to file the amended complaint.

The defendants contend that "In his amended complaint, DiMartino fails to state any plausible claim for relief, and neglects to provide any allegations of fact that would support a civil claim against any of the defendants." The court agrees.

"In order to be deemed not futile, [the plaintiff's] proposed Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." McLaughlin v. CitiMortgage, Inc., No. 3:09CV1762 (MRK), 2010 WL 3037810, at *3 (D. Conn. Aug. 4, 2010) (internal citation and quotation marks omitted). "A pro se litigant should generally be granted leave to amend [his] complaint at least once, when a liberal reading of the complaint gives any indication that a valid claim might be stated, though a district court need not grant leave to amend where an amendment would be futile." Cote v. Town of St. Albans, 444 F. App'x 499, 499–500 (2d Cir. 2011) (internal citations and quotation marks omitted). While the court must "accept as true all of the factual allegations in the Complaint, it is not required to accept 'legal conclusions and threadbare recitals of the elements of a cause of action' that are supported only by conclusory

-3-

statements." McLaughlin, 2010 WL 3037810, at *3 (quoting Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Here, the amended complaint does not include any specific factual allegations as to any of the defendants, but rather relies on conclusory allegations of the defendants' purported wrongdoing.

Therefore, the defendants' Motion to Strike Amended Complaint (Doc. No. 19) is hereby GRANTED, and the docket shall reflect that the defendants added by the amended complaint are no longer defendants.

It is so ordered.

Signed this 10th day of March, 2017, at Hartford, Connecticut.

                                                   /s/ AWT
                                                  Alvin W. Thompson
                                                  United States District Judge