```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

--------------------------------x
TERRY J. DIMARTINO,             :
                                :
        Plaintiff,              :
                                :
v.                              :    CRIM. NO. 3:16cv378(AWT)
                                :
ERIN PULICE, SARA HAMILTON,     :
UNITED STATES OF AMERICA        :
INTERNAL REVENUE SERVICE,       :
JOHN KOSKINEN, JASON M. SCHEFF, :
and ALVIN W. THOMPSON,          :
                                :
        Defendants.             :
--------------------------------x

## ORDER DISMISSING CASE

For the reasons set forth below, Defendants' Motion to Dismiss (Doc. No. [15]) is hereby GRANTED.  This case is hereby dismissed with prejudice.

On August 14, 2014, a grand jury returned an eight-count indictment against Terry J. Dimartino, charging him with one count of obstructing and impeding the due administration of the Internal Revenue laws, in violation of 26 U.S.C. § 7212(a); two counts of filing false tax returns, in violation of 26 U.S.C. § 7206(1); and five counts of willfully failing to file tax returns, in violation of 26 U.S.C. § 7203.  See United States v. DiMartino, No. 3:14-CR-175(AWT), Doc. No. 1.

On March 7, 2016, nine days before the trial in his criminal case began, DiMartino filed this civil lawsuit against

Erin B. Pulice and Jason M. Scheff, the prosecutors in his criminal case, and Sara Hamilton, one of the IRS case agents. DiMartino sued all three defendants in their individual capacities.  In the complaint, DiMartino alleges, in conclusory fashion, that all three defendants committed "bodily injury by assault and unlawful deprivation of property under color of law."  Compl. at 2.  He further alleges that the prosecutors and the case agent have "aided and abetted in the loss of liberty, and personal property and ha[ve] caused the alienation of clients, both established and potential, which has diminished [his] ability to earn a living."  Compl. at 2.  He claims that their unspecified "acts and actions have caused injury and great mental anguish resulting in pain and suffering."  Compl. at 2. With respect to the IRS case agent, he claims that "she took upon herself to draft the alleged evidence, upon which the unlawful and illegal warrant issued by the court."  Compl. at 2. DiMartino has filed an amended complaint, but he makes no reference to these three defendants in that amended complaint. See Doc. No. 14.

On March 28, 2016, the jury returned its verdict and DiMartino was found guilty on all eight counts of the indictment.  See United States v. DiMartino, Doc. No. 233.

Prosecutors have absolute immunity from suits challenging actions they take within the scope of their duties.  See Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); see also Hartman v. Moore, 547 U.S. 250, 261-62 (2006) (noting that absolute prosecutorial immunity protects federal prosecutors facing Bivens actions); Imbler v. Pachtman, 424 U.S. 409, 427 (1976) (prosecutorial activities that are intimately associated with the judicial process are protected by absolute immunity).  This immunity is not limited to activity taking place in the courtroom.  Rather, it encompasses "all of their activities that can fairly be characterized as closely associated with the conduct of litigation or potential litigation[.]"  Barrett v. United States, 798 F.2d 565, 571-72 (2d Cir. 1986).  With respect to defendants Pulice and Scheff, it is clear from the allegations in the complaint that plaintiff DiMartino is challenging activities closely associated with their conduct in connection with the criminal case against him.  Thus defendants Pulice and Scheff are absolutely immune from suit.

Prosecutors acting in an investigative capacity and federal agents are immune from civil suit for conduct that does not violate clearly established constitutional or statutory rights.  See Ashcroft v. Iqbal, 556 U.S. 662, 672 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  In the context of a motion to dismiss, "qualified immunity protects government

officials from liability for civil damages 'unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct.'"  Wood v. Moss, 134 S. Ct. 2056, 2066-67 (2014).

With respect to defendant Hamilton, DiMartino has not alleged facts sufficient to state a claim for a violation of a clearly established constitutional right, so she is protected from this lawsuit by qualified immunity.  Moreover, even if DiMartino's complaint is construed to allege that Hamilton violated his constitutional rights in the course of discharging her duties, any such claim would be barred by the rule in Heck v. Humphrey, 512 U.S. 477 (1994), because DiMartino's conviction in the criminal case has not been overturned or invalidated. See Channer v. Mitchell, 43 F.3d 786, 788 (2d Cir. 1994) (dismissing Section 1983 claims where petitioner claimed he was unconstitutionally convicted as a result of police officers' perjury and coercion of witnesses, because petitioner had failed to establish that his conviction had been reversed); Kaminski v. Hayes, No. 3:06-CV-1524-CFD, 2009 WL 3193621, at *6 (D. Conn. Sept. 30, 2009) (finding Fourth Amendment claims challenging search and seizure were barred by Heck where conviction had not been overturned or invalidated); Fernandez v. Alexander, 419 F. Supp. 2d 128, 133 (D. Conn. 2006) (granting defendants' motions

-4-

to dismiss claims asserting lack of probable cause and misleading statements in search warrant affidavits pursuant to <u>Heck</u> because a ruling in plaintiff's favor would necessarily call into question the validation of his conviction).

Signed this 13th day of March, 2017, at Hartford, Connecticut.

                                                  /s/ AWT_____
                                                 Alvin W. Thompson
                                               United States District Judge